# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| GENEVA BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4149-CV-C-WAK |
| | ) | |
| DAVID J. BREWER, D.O., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Geneva Butler initially filed suit in May 2007, in the Circuit Court of Pettis County, Missouri, for the wrongful death of her son, Dylan Perkins. She claimed defendant David Brewer, D.O., committed medical negligence when he failed to properly evaluate and diagnose Dylan Perkins' condition in the emergency room at Bothwell Regional Health Center.

On August 8, 2007, defendant Brewer removed the case to federal court under 28 U.S.C. § 1332, based upon diversity of citizenship and the amount in controversy. Upon joint motion of the parties, the case was transferred in October 2007, to the undersigned for all further proceedings. A proposed scheduling order was submitted and adopted, and a trial date was set for August 19, 2009. Initial disclosures were made, and on January 22, 2008, plaintiff filed a motion to amend the complaint to add Bill Vaughn, d/b/a Lakeside Manor, as a party defendant.

The proposed amended complaint stated that Vaughn provided long-term residential care, and that defendant was negligent in failing (1) to monitor the level of drugs being administered to Perkins and (2) to refer Perkins for medical treatment when he knew or should have known the decedent was medically unstable.

Neither the proposed amended complaint nor the motion to amend with the supporting suggestions gave the residence of defendant Vaughn or suggested that defendant Vaughn was a nondiverse proposed party.

Defendant Brewer did not file objections to the motion to amend, and on February 19, 2008, the motion to amend was granted. The First Amended Complaint, which for the first time identified Vaughn as a resident of Missouri, was filed on February 25, 2008. Defendant Brewer immediately answered. Defendant Vaughn answered on March 12, 2008, and on the same day, plaintiff filed a motion to remand the case back to the Circuit Court of Pettis County because the joinder of defendant Vaughn defeated federal diversity jurisdiction.

Defendant Brewer then filed a motion for relief from the court's order granting plaintiff leave to amend her complaint. Brewer correctly notes that the issue of the citizenship of Vaughn was not raised in the motion for leave to amend, and it was not obvious from the face of the proposed amended complaint.

The motions to remand and for relief from the order permitting the joinder of defendant Vaughn have been fully briefed by the parties and considered by the court.

Title 28 U.S.C. § 1447(e) gives the court discretion to deny joinder, or to permit joinder and to remand the action to the state court, if the joinder of an additional defendant after removal would destroy the court's jurisdiction. "[T]he joinder or substitution of nondiverse defendants after removal destroys diversity, regardless whether such defendants are dispensable or indispensable. . . . If the defendant is indispensable, the district court's choices are limited to allowing joinder and dismissing the action pursuant to Fed. R. Civ. P. 19, or else allowing joinder and remanding the case to the state court pursuant to § 1447(e). . . . If a defendant is deemed dispensable, the Court may continue its jurisdiction over the lawsuit without joinder." Alpers Jobbing Company, Inc. v. Northland Casualty Company, 173 F.R.D. 517, 519 (E.D. Mo. 1997) (internal quotes and citations omitted).

Plaintiff has not asserted defendant Vaughn is indispensable.

"Where, as here, the record indicates that the problem of the addition of the nondiverse defendant was not brought to the attention of the Court or recognized by the parties, the filing of the amended complaint should be considered a nullity and the Court given an opportunity to consider whether justice requires" permission to permit joinder of the nondiverse defendant. Le Duc v. Bujake, 777 F. Supp. 10, 11 -12 (E.D. Mo.,1991) (citing Hensgens v. Deere &

2

Case 2:07-cv-04149-WAK   Document 33   Filed 05/08/08   Page 2 of 5

Co., 833 F.2d 1179, 1182 (5th Cir.1987), appeal after remand, 869 F.2d 879 (5th Cir.1989), reh'g denied, 875 F.2d 858 (5th Cir.1989)).

Considerations include the balancing of the original defendant's interest in maintaining the federal forum with the plaintiff's interest in avoiding multiple or piecemeal litigation of the same claim. The court should weigh "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether plaintiff has been dilatory in asking for amendment, and 3) whether plaintiff will be significantly injured if amendment is not allowed." Id.

In her supplemental suggestions, plaintiff states she did not intentionally act to deceive the defendant or the court regarding the citizenship of Vaughn. Nevertheless, plaintiff, at a minimum, should have identified Vaughn's residence in the proposed amended complaint, thereby providing notice to everyone that a motion to remand would likely be forthcoming. Plaintiff's failure to disclose Vaughn's residence gives the appearance that her purpose was to defeat diversity jurisdiction.

Plaintiff indicates she was waiting for medical records prior to amending her complaint, and states her counsel attempted to get those records for almost a year.[1] She also indicates her counsel and defense counsel discussed the joinder of additional parties immediately after removal. She does not indicate, however, that the discussion included any suggestion that her amendment might defeat diversity jurisdiction. The court assumes she knew that the medical records she was waiting for involved care by nondiverse individuals.

In this case, plaintiff's wrongful death claim against defendant Brewer is for medical malpractice or negligence that she alleges occurred in the emergency room at Bothwell Regional Health Center. Her joined claim against defendant Vaughn is for negligence that she alleges occurred at the long-term residential facility, Lakeside Manor.

Plaintiff appears to acknowledge she can pursue her claim against defendant Vaughn in state court. The prejudice she alleges would occur if the amended complaint is vacated relates

---

[1] Plaintiff does not give any details regarding the efforts that were made and did not seek leave of court to engage in early discovery to obtain the records by subpoena under Fed. R. Civ. P. 45.

3

to the costs associated with expert testimony needed for separate actions and the possible defenses the defendants could assert if they are not joined in the same lawsuit.

Plaintiff clearly suffered the loss of her son, for which the court is empathetic, and her damage claims are for his wrongful death. The alleged acts of negligence, however, occurred at separate facilities by different individuals and will require, to some extent, different evidence and expert testimony. There is at least an appearance that the addition of defendant Vaughn was for the purpose of destroying diversity jurisdiction.

The court notes plaintiff requested leave to amend her complaint prior to the deadline for doing so. Nevertheless, the amendment can be viewed as dilatory or motivated by a desire to defeat diversity when the circumstances are considered. The addition of Vaughn cannot be attributed to discovery in this case. His identity was known at a much earlier time, and plaintiff has not identified any new information which was obtained after the case was removed to federal court which would indicate that Vaughn should be added as defendant. If plaintiff anticipated the addition of a nondiverse defendant when the case was in state court, she could have raised that issue at the time of the removal.

The court has considered the competing interests of plaintiff in joining defendant Vaughn and litigating her claims in one action, and of defendant in exercising his right to proceed in federal court under federal statute. In these circumstances, the equities weigh in favor of vacating the order granting plaintiff leave to amend her complaint and denying plaintiff's motion to remand. The prejudice to plaintiff should not be significant.

Accordingly, it is

ORDERED that plaintiff's motion of March 12, 2008, to remand is denied. [22] It is further

ORDERED that defendant Brewer's motion for relief from the court's order of February 19, 2008, granting plaintiff leave to amend her complaint is granted. [26] It is further

ORDERED that plaintiff's first amended complaint is stricken and the claim against defendant Vaughn is dismissed, without prejudice.

4

Dated this 8th day of May, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5

Case 2:07-cv-04149-WAK   Document 33   Filed 05/08/08   Page 5 of 5